UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOLEEN DELGADO,

                Plaintiff,

-against-

PEOPLE OF THE STATE OF NEW YORK;
KEVIN RUSSO,

                Defendants.

24-CV-9165 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR IFP APPLICATION

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted the complaint without the filing fees or an IFP application.[1] Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit the attached IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 24-CV-9165 (LTS). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

    No summons shall issue at this time. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

---

[1] Plaintiff submits a complaint form captioned as *Delgado v. People of the State of New York*, in which she also names the presiding judge as a defendant. Plaintiff also submits, as an attachment, a Notice of Removal of her criminal proceedings, *People of the State of New York v. Delgado*, ECF 1 at 8. It is unclear if she intended to bring two actions: a civil complaint in which she is the plaintiff, and a Notice of Removal, in which she is the defendant and the judge is not a party. If so, Plaintiff must so indicate and pay the fees (or submit IFP applications) for each.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 2, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge